[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on May 21, 1995 at Derby, Connecticut. They have resided continuously in this State since CT Page 3876 that time. There are two minor children issue of the marriage: Anya A. DiCaro, born January 25, 1994 and Tyler D. DiCaro, born January 6, 1997.
The evidence presented at trial clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the statutory criteria set forth in §§ 46b — 56, 46b — 81, 46b — 82, 46b — 84 and 46b — 62 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately three years, although they had a relationship for several years dating back to January 1992. The only asset and the issue in this 2 1/2 day trial revolved around the two family marital home owned by the parties. The home has negligible, if any, equity. The marital home was purchased in March 1996 for $142,000. The parties took out a $137,000 mortgage. The deposit and closing costs funds came from the defendant who cashed in his premarital U.S. Savings bonds in the amount of $11,100. In addition, in December 1996 after the purchase of the marital home, the defendant received an inheritance of $10,000 from his grandmother. This money went to pay off the appliances in the house, credit card payments, pool payments and other household expenses.
The second floor of the marital home is rented and generates a rental income of $750. per month.
The plaintiff is 30 years of age and in good health. Although the two minor children are aged 2 and 5, the plaintiff has been able to secure employment outside the home. She worked until she had her first child in January 1994. At the present time she works for Residential Management Services, does babysitting and is on call for teacher substitution and product testing. She also receives food stamps and obtained assistance from Team for oil this past winter.
The defendant is 35 years of age and in good health. He is a tile setter by trade. In addition, in the seasonal slow months, he does tile work on the side. The defendant has been laid off since January and collects unemployment of $392. per week. In the year 1997, the defendant reported income of approximately $42,200. The parties received a tax refund of $2043. in 1997. The CT Page 3877 defendant reported $7874. gross income from his side jobs in 1997.
The defendant received a $10,000. inheritance in December 1996 after the March 1996 purchase of the marital home. This money was used for appliances in the home, the pool, payment of credit cards and living expenses during the defendant's seasonal lay off.
Although the defendant spent 30 days at Camp Hartell prior to the marriage and 5 to 10 days at Eagle Hill, and attended AA Meetings, the defendant denies he has a drinking problem. The court finds the evidence to the contrary. This problem contributed to the breakdown of the marriage.
The plaintiff was less than candid on her financial affidavit. Both parties were verbally abusive to each other. Any infidelity on the plaintiff's part occurred after the institution of this dissolution.
No useful purpose would be served by a review of all the conflicting evidence presented in this matter. Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of their marriage, as both parties must share the blame for the breakdown. The children are the only ones who will suffer in this no money, no asset case.
CUSTODY VISITATION
1. There shall be joint legal custody of the minor children with physical custody to the plaintiff.
2. The defendant is granted reasonable and liberal visitation with the minor children to include and not be limited to the following which he has requested:
 a) every other weekend from Friday at 4:30 p. m. to Sunday at 4:30 p. m.;
b) Wednesday evenings from 4:30 p. m. to 8:00 p. m.;
 c) Mother's Day shall be with the plaintiff and Father's Day shall be with the defendant;
CT Page 3878
 d) the parties shall share Easter, Thanksgiving and Christmas and the children's birthdays;
e) the parties shall alternate the remaining holidays;
 f) the defendant shall be entitled to two weeks in the summer with 60 days notice to the plaintiff;
 g) the defendant shall be entitled to one week visitation in the winter.
HEALTH INSURANCE
1. The defendant shall provide health insurance for the benefit of the minor children as is available through his place of employment. The parties shall share equally any unreimbursed medical and dental expenses.
2. The defendant shall cooperate with the plaintiff in the event of any claims made pursuant to the defendant's insurance program, pursuant to § 46b-84 (d).
3. The plaintiff shall have the right to process any claims in the defendant's name and the defendant shall authorize the insurance company to make all payments and drafts payable directly to the plaintiff for the benefit of the children when appropriate.
4. The defendant shall at all times keep the plaintiff informed of the policy number and claim procedures.
REAL ESTATE
1. The defendant valued the jointly owned 2 family marital home at 42 Jackson Street, Ansonia, Connecticut at $130,000 with a present mortgage of $129,000.
2. The plaintiff and the two minor children shall continue to occupy said premises until the first happening of one of the following:
a) Remarriage of the plaintiff;
b) wife's cohabitation as defined by statute; CT Page 3879
c) eight years from the date hereof
3. Upon the happening of the first of the above, the marital home shall be listed with a Real Estate agent and shall be sold forthwith. If the parties are unable to agree on a listing agent, then the parties shall return to court for a further hearing thereon.
4. After payment of the mortgage, real estate commission, attorney's fees and usual closing costs, the net proceeds shall be divided as follows:
(a) the defendant shall be entitled to the first $13,000 of the net proceeds, if available. Thereafter the remaining net proceeds, if any, shall be equally divided between the parties.
5. Commencing April 1, and thereafter, the plaintiff shall collect the second floor rent of $775. per month and she shall be responsible for the mortgage, taxes, insurance, water/sewer in connection with the marital property.
6. The court shall retain jurisdiction over any disputes, arising out of the sale of the Real Estate.
7. The plaintiff shall be responsible for maintaining the property in reasonably good condition and repair.
8. The parties shall confer and discuss before any non-emergency repairs in excess of $500. are performed on the marital home. Any such repairs in excess of $500. shall be equally divided between the parties.
9. The defendant is responsible for the March 1999 mortgage payment, water, sewer and insurance payments.
The defendant was unbending in having the plaintiff and the two children vacate the marital home. The children have a comfortable home in a decent area. They are entitled to some stability in their lives. The cost of a rent elsewhere would exceed the amount of the plaintiff's mortgage, taking into account the rental income of $775. per month from the 2nd floor tenant. Although the parties may have made a poor decision in marrying, they are both responsible for the welfare of their two small children. If the home were sold now, the parties would CT Page 3880 probably end up owing money. The defendant will have to wait to obtain his money out of this home. In the meantime, the two children will have an appropriate start in life.
Both parties contributed sweat equity to this home. The photographs presented by both parties show a well maintained, neat and attractive home. Unfortunately, as in many cases, the parties are not able to draw out their sweat equity. The photographs of the defendant's tile work in the bathroom highlight the defendant's expertise in tile work. It is the court's intent that in eight years there will be sufficient funds for the defendant's investment.
PERSONAL PROPERTY
1. The defendant shall be entitled to the following items of Personal Property and are to be removed within 30 days of date:
 25" Zenith T.V. Sofa/table in basement (old living room set) Husband's wedding ring Coffee maker 1/2 assorted linens, cutlery, pots, pans Gas grill 2 arborvitae Redwood patio set with cushions Tables that match couch/love seat Camcorder and Minolta camera Husband's business tools Items locked in the garage
2. The remaining personal property, household furnishings and furniture shall be the sole property of the plaintiff.
3. The plaintiff shall be entitled to her IRA.
4. The defendant shall be entitled to his PFS and IRA.
CHILD SUPPORT
1. Neither party supplied the court with a child support guideline worksheet. The defendant is in a seasonal lay off and claims unemployment benefits of $392 gross per week. He lists no income from any side jobs. The defendant presented no evidence as to his 1998 income, although at this time he should have had in CT Page 3881 his possession his 1998 W-2 forms.
2. The parties 1997 joint income tax return showed the defendant's income for the year 1997 to be approximately $42,000 plus $7800. from the defendant's side jobs. The defendant expects to return to work shortly and further indicated he has had no side jobs in 1999.
3. It would not be equitable to enter a child support order based on the defendant's unemployment which is seasonable and about to end. The court's award of child support is going to be based on the defendant's annual income plus his side jobs. The court finds the defendant has an ability and capacity to earn more than the $392. unemployment as reflected on his current financial affidavit.
4. Using the 1997 Income tax return figures, the child support according to the guidelines, would be approximately $233. per week.
5. The defendant filed a financial affidavit on September 28, 1998 indicating $573.15 gross per week plus $40. gross per week from his side jobs. If this affidavit were to be believed and using net figures, the guidelines would provide for a child support award of approximately $164. per week.
6. Deviating slightly from the child support guidelines for equitable reasons, the court enters an award of child support in the amount of $188. per week to be paid by the defendant to the plaintiff. Said order shall commence April 1, 1999 and weekly thereafter.
7. Said child support shall continue until each child reaches the age of 18 years, or completes 12th grade or reaches the age of 19 years, dies or becomes emancipated.
ALIMONY
Contrary to what the defendant testified to, the court finds the plaintiff to be industrious and hard working. She is juggling two to three part time jobs along with the care of two small children.
The defendant shall pay to the plaintiff as alimony the sum of $1.00 per year for a period of 2 years or until the plaintiff CT Page 3882 shall die or remarry, or cohabit as defined by statute, whichever event shall first occur.
MOTOR VEHICLES
1. The plaintiff shall retain the 1990 Mazda motor vehicle.
2. The defendant shall retain the 1995 Ford Minivan. He shall be solely responsible for the loan thereon and shall hold the plaintiff harmless therefrom.
3. The 1984 Ford Cargo van is awarded to the defendant. The plaintiff shall transfer her interest to the defendant forthwith and the defendant shall remove this motor vehicle from the marital home within 30 days.
MOTOR VEHICLE REPAIRS
The defendant shall reimburse the plaintiff up to $1000. for the cost to repair the Mazda motor vehicle, damaged while in the possession of the defendant. Said sum shall be paid by the defendant to the plaintiff within 30 days after the plaintiff supplies the defendant with the repair bill.
LIFE INSURANCE
The defendant shall continue to maintain Life Insurance on his life in the amount of One Hundred Thousand Dollars ($100,000.), naming the two minor children as irrevocable beneficiaries thereon, for so long as the defendant has an obligation for support. The plaintiff shall be the trustee for the benefit of the minor children.
DEBTS
1. The plaintiff lists a Citibank Credit Card debt of $9673 and a Chase Credit Card debt of $8087. on her financial affidavit. The defendant claims these are the plaintiff's obligations. The defendant did admit that some of the Chase charges were attributable to him. The defendant's name is noted as an authorized user on both charge cards.
2. The plaintiff is contemplating filing bankruptcy to wipe the slate clean and go on with her life. Many of the charges were for family household expenditures. CT Page 3883
3. It is ordered that the parties shall be equally responsible for the sums due on the two credit cards.
4. Each party shall be responsible for the remaining debts on their respective financial affidavits.
COUNSEL FEES
Each party shall be responsible for their respective counsel fees.
TAX DEPENDENCY EXEMPTION
Each party shall claim one child as a dependent for federal and state income tax purposes. The wife shall claim the oldest child and the husband shall claim the youngest child.
PARENTING EDUCATION PROGRAM
It is further ordered that both parties shall attend, participate in and complete the Parenting Education Program without delay.
COPPETO, J.